IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**CASEY LUCZAK,**

       **Petitioner,**

v.                                                  Civil Action No. 2:19cv16
                                                         (Judge Bailey)

**JOE COACKLEY, Warden,**

       **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On February 19, 2019, the *pro se* Petitioner, Casey Luczak, an inmate incarcerated at USP Hazelton in Bruceton Mills, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his award of good conduct time. The Petitioner has satisfied the filing fee. ECF No. 8. For the reasons outlined below, the undersigned now issues this Report and Recommendation without requesting a response from the Respondent.

          I.        **Background Facts**[1]

On May 28, 2008, the grand jury in the District of Nevada returned a 27 count indictment against the Petitioner. Counts 1 – 26, charged the Petitioner with wire fraud in violation of 18 U.S.C. § 1343. Count 27, charged the Petitioner with making a false statement in violation of 18 U.S.C. § 1001. The indictment also included a forfeiture allegation, which provided that upon conviction of the felony offense charged in Counts

---

[1] Except as otherwise noted, the information is this section is from the Petitioner's criminal docket in the District of Nevada, 2:08cr0161, available on PACER.

1 – 26 of the indictment, he would forfeit any property consisting or derived from proceeds traceable to violations of 18 U.S.C. § 1343 up to $2,200,000. ECF No.1. Trial began on January 11, 2010 and continued for four days. ECF Nos. 73, 74, 76, 80).  On January 15, 2010, the Petitioner filed a Notice of Intent to Plead Guilty. ECF No. 78. The Petitioner entered a plea of guilty to Counts 1-5, 7-8 10-20, 22-26, and 27 of the indictment without having reached a plea agreement with the government. Counts 6, 9 and 21 of the indictment were dismissed on the motion of the United States. ECF Nos. 79, 107. A sentencing hearing was conducted on May 26, 2010. ECF No. 108. On May 27, 2010, judgment was entered which sentenced the Petitioner to a term of incarceration of 121 months to be followed by a five year term of supervised release. In addition, a special assessment of $2400 was imposed as well as restitution in the amount of $4,288,158.74. The special assessment was to be in a lump sum payment due immediately, and the restitution was to be paid at the rate of one-third of the Petitioner's prison earnings and, thereafter, at the rate of 10% of the Petitioner's gross earnings while on supervised release. The judgment included a recommendation that the Petitioner be incarcerated in a facility in the State of Georgia, or as near the State of Georgia as could be designated. Finally, the judgment directed that the Plaintiff was to self-surrender for service at the institution designated by the BOP before 2:00 p.m. on June 29, 2010. ECF No. 91.

      The Petitioner filed a direct appeal, alleging that his trial counsel was ineffective, that the district court erred in applying a two-level enhancement for the use of "sophisticated means," and the district court failed to consider his gambling addiction when it imposed his sentence. On February 22, 2011, the Ninth Circuit affirmed the

sentence and held that generally, an appeals court does not review claims of ineffective assistance of counsel, that the Petitioner's scheme involved "especially complex or especially intricate offense conduct" in its execution or concealment," and that the District Court's sentence, at the bottom of the guideline range, was substantively reasonable. U.S. v. Luczak, 415 Fed. Appx. 776 (9th Cir. 2011).

On February 28, 2012, the Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255, asserting: (1) prosecutorial misconduct; (2) ineffective assistance of counsel; and (3) that the sentence imposed was unconstitutionally extreme. ECF No. 116. On August 8, 2012, the district court entered an order denying the § 2255 motion. ECF No. 134. On September 26, 2012, the Petitioner filed a Motion for Certificate of Appealability [ECF No. 139], which was denied on September 27, 2012. ECF No. 140. Nevertheless, on January 11, 2013, the Petitioner filed a notice of appeal and/or request for certificate of appealability. ECF No. 142. On April 9, 2013, the Ninth Circuit denied the Petitioner's request for a certificate of appealability. ECF No. 143.

On September 2, 2016, the Petitioner filed an Application for leave to file a second or successive § 2255 motion in the Ninth Circuit, arguing that his conviction was invalid due to a tainted indictment, a forged restitution list, ineffective assistance of counsel, and improper seizure of his assets. Luczak v. United States, Case No. 16-72925. The Ninth Circuit denied the application on April 18, 2017.

Finally, on March 3, 2017, the Petitioner filed a Motion for Summary Judgment as a Matter of Law. ECF No. 159. The Petitioner requested that the court reduce his sentence two levels by recognizing its error in enhancing him two levels for sophisticated means. In addition, he requested that the government return all his assets

3

illegally seized in forfeiture. ECF No. 159.[2] The district court construed this pleading as a Motion for Downward Departure. The court then referenced Rules 35 and 36 of the Federal Rules of Criminal Procedure. Because the Petitioner's motion came several years after his sentence, the court found that Rule 35 was inapplicable. In addition, the court found that the Petitioner was not asking that an error be corrected, but instead to make a change. The court found that it lacked jurisdiction to make such change under either rule. Accordingly, the Petitioner's construed motion was denied on August 8, 2017.

In addition to his efforts in the sentencing court, the Petitioner has previously filed several cases with this court. On January 16, 2013, the Petitioner filed Case No. 5:13cv4, a Bivens action against the United States attorney who prosecuted his case, alleging that she prosecuted him by means of a defective indictment, suppressed exculpatory evidence, and created a restitution list that was a forgery. The case was dismissed as frivolous based on Heck v. Humphrey, 512 U.S. 477 (1994).

On March 13, 2013, the Petitioner filed Case No. 1:13cv107, another Bivens action, this one against his privately-retained former defense counsel, for collecting a $230,000 fee from him without preparing a defense, thereby committing the tort of negligence. The case was transferred to the District of Nevada on November 18, 2013, where it was opened as Case No. 2:13cv02362, and dismissed for failure to state a claim on April 14, 2014.

On February 11, 2015, the Petitioner filed Case No. 3:15cv12, a petition under 28 U.S.C. § 2241, in which he argued that this court should dismiss Count Two of the

---

[2] The district court entered an Order of Forfeiture in the amount of a $1,977,500 judgment on May 26, 2010. ECF No. 89.

indictment in his criminal case because of actual innocence, and because he did not receive a fair trial because his trial counsel engaged in criminal activity. This court denied the petition because the Petitioner could not meet the threshold standard of In re Jones, and therefore had not demonstrated that § 2255 is an inadequate or ineffective remedy.

On December 21, 2016, the Petitioner filed Civil Action No. 5:16cv189, a petition under 28 U.S.C. § 2241, raising several claims. First, he challenged his detention in a low-security prison for 13 months after self-surrendering to a satellite prison camp. Next, he alleged that the BOP had been taking payments illegally under the guise of the Inmate Financial Responsibility Program from his prison account for 77 months in blatant disregard of a court order. He also alleged that the BOP refused to assure that he can be released on the specific date he completes 75% of his originally imposed sentence in "hard time," then refused to credit him his earned good time credits in full accord with BOP Program Statement § 5050.49-C1. In addition, the Petitioner alleged that the BOP refused to file a motion with his sentencing court for a sentence reduction. In his reply to the Respondent's Motion to Dismiss or for Summary Judgment, the Petitioner requested that this Court remand the case for resentencing to time served based on his wrongful conviction and IFRP claim. In addition, he requested that his five years of supervised released be dismissed and his assets be returned. On November 3, 2017, the Petitioner filed an amended petition which challenged the decision of the Probation Office in the Eastern District of Kentucky's to deny his proposed post release living arrangement. On September 10, 2018, the petition was denied.

Finally, on July 21, 2017, the Petitioner filed Case No. 3:17cv86, a petition under 28 U.S.C. § 2241, claiming that because of his age, he was eligible for early release pursuant to BOP Program Statement § 5050.49. After reviewing the requirements for compassionate release or reduction in sentence procedures for implementation of 18 U.S.C. § 3582(c)(1)(A) and 4205(g), the court determined that the Petitioner's term of imprisonment was not eligible for reduction in sentence under BOP Program Statement § 5050.49 4.c. Therefore, the case was denied and dismissed with prejudice on October 31, 2017.

## II. Instant § 2241 Petition

After thoroughly briefing the history of the Sentencing Reform Act of 1984 and the BOP's subsequent formula for calculating good conduct time, the Petitioner alleges that the First Step Act now mandates that the 54 days of good conduct time awarded prisoners shifts from the actual time served to the sentence imposed. Consequently, the Petitioner alleges that he completed his sentence on January 20, 2019, and he remains imprisoned beyond his release date. More particularly, the Petitioner maintains that the BOP refuses to release him until April 9, 2019, 70 days beyond his fully vested good time credit days already earned. For relief, he "insists on immediate release with full compensation for all days he has been detained beyond his established discharge date of January 20, 2019." ECF No. 1 at 8.

On March 22, 2019, the Petitioner filed an amendment to his petition which he styled as a "Motion Pursuant to Rule 15(d) in the Form of a Mandatory Injunction."[3]

---

[3] The undersigned is cognizant that Rule 15(d) does not apply in this instance because the Petitioner does not set out any transaction, occurrence, or event that happened after the date his filed his § 2241 petition. Nevertheless, the undersigned has construed this pleading as an amendment and addressed the Petitioner's claims.

ECF No. 10. The Petitioner contends that his supervised release period must be reduced from five years to three years and argues that it must be dismissed in toto as a matter of law. The Petitioner elaborates that the reduction is mandated because: (1) his wire fraud indictment, in violation of 18 U.S.C. § 1343, did not allege a financial institution was affected' (2) the maximum term of supervised release for wire fraud cannot be more than three years pursuant to 18 U.S.C. § 3583(b)(2); and (3) the PSR stated that he was subjected to only a statutory maximum term of supervised release of not more than three years. The Petitioner argues that "[t]he isolated reason for full dismissal of supervised release is central to the fact PSR tampering has been carried into execution during his incarceration, whereby the language of his indictment/Conviction has been completely changed, conclusively proving that indictment was always fatally defective, mandating a mistrial." ECF No. 10 at 3. The Petitioner includes in his "amendment" what appears to be a request for an injunction to have his supervised release "dismissed as a matter of law." Id. at 5. In addition, the Petitioner "solicits this court for an evidentiary hearing to have his forged restitution list relieved from burden also, and all his assets returned." Id.

### III. Standard of Review

####    A.    Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.     Pro Se Litigants.

As a pro se litigant, the Petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### IV. Analysis

**GOOD CONDUCT TIME**

The Petitioner is correct that Section 102(b)(1) of the First Step Act of 2018, Public Law 115-391, amended 18 U.S.C. § 3624b) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed, effectively abrogating Barber v. Thomas, 560 U.S. 474 (2010). However, this provision has not yet taken effect. Per Section 102(b)(2) of the Act, the amendments made in subsection 102(b) of the Act take effect only when the Attorney General completes the "risk and needs assessment system" required by Section 101(a) of the Act. Section 101(a) does not require completion of the system until 210 days after the Act's enactment. Therefore, Section 102(b)(1) will not take effect until approximately July 2019, after the Petitioner's

current projected release date of April 9, 2019. Accordingly, this petition has been prematurely filed and will be rendered moot by the Petitioner's release on April 9, 2019, the date properly calculated under existing guidelines.

**SUPERVISED RELEASE**

In his "First Amendment to pending 28 U.S.C. § 2241 Motion Pursuant to Rule 15(d)" the Petitioner maintains that his supervised release must be reduced from five years to three years. He maintains that this reduction is mandated because his wire fraud indictment, in violation of 18 U.S.C. § 1343, did not allege that a financial institution was involved.

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is

9

clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[4] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

---

[4] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

a. The date on which the judgment of conviction becomes final;
b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

10

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)).  In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions."  Id. at 428.  When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added).  The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler.  Id.

In the instant case, to the extent that the petition and the "Rule 15(d) amendment" could be construed as a challenge to his conviction, the Petitioner cannot satisfy the Jones standard because the crimes for which he was convicted remain criminal offenses. Moreover, while the Petitioner is challenging his term of supervised relief, that claim does not relate to the execution of his sentence or calculation of his

11

sentence by the BOP. Instead, the claim relates to the validity of the sentence imposed by the District of Nevada. Although the Petitioner does not address the <u>Wheeler</u> saving clause test, he is not entitled to relief.

The Petitioner has been aware of the term of his supervised release since his sentencing hearing on May 26, 2010. To the extent that the term of supervised release should not have exceeded three years, that error has existed since judgment was imposed on May 27, 2010. Therefore, the Petitioner cannot satisfy the first element of the <u>Wheeler</u> test.  Furthermore,  the Petitioner has defaulted that claim by not raising it on direct appeal or in his Motion to Vacate pursuant to § 2255. His sole avenue of relief is with the sentencing court or the Ninth Circuit Court of Appeals.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED.** In addition, the undersigned recommends that the Petitioner's Motion for Habeas Corpus Relief and for Interim Conditional Release [ECF No. 2] and his Motion for Expedited Service [ECF No. 3] be **DENIED AS MOOT**; and the Petitioner's Motion Pursuant to Rule 15(d) [ECF No. 10] be **DENIED**.

The Petitioner shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District  Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits,

unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: April 4, 2019

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE