IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**CASEY LUCZAK,**

        Petitioner,

v.                                               **CIVIL ACTION NO. 2:19-CV-16
(BAILEY)**

**JOE COAKLEY, Warden,**

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James P. Mazzone [Doc. 11]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on April 4, 2019, wherein he recommends this Court deny and dismiss petitioner's § 2241 Petition [Doc. 1]; deny as moot petitioner's Motion for Habeas Corpus Relief and for Interim Conditional Release [Doc. 2] and Motion for Expedited Service [Doc. 3]; and deny petitioner's Motion Pursuant to Rule 15(d) [Doc. 10].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140,

1

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of service, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Petitioner filed his Objections on May 3, 2019 [Doc. 16]. Accordingly, this Court will review the portions of the R&R to which the petitioner objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## BACKGROUND

Petitioner does not object to the R&R's recitation of the factual background and procedural history. Thus, rather than reiterating such in detail, this Court will only briefly summarize that which is most relevant.

On January 15, 2010, after more than two days on trial, petitioner pled guilty to 23 counts of wire fraud and one count of making a false statement. He was sentenced in the District of Nevada to 121 months to be followed by a five-year term of supervised release. Restitution in the amount of $4,288,158.74 was also imposed.

Petitioner filed a direct appeal claiming that his counsel was ineffective, the district court erroneously applied a two-level enhancement for use of "sophisticated means," and that his gambling addiction was not taken into consideration for sentencing. The Ninth Circuit affirmed the sentence.

Petitioner has also filed numerous post-conviction and habeas corpus motions and opened new case numbers, alleging claims including prosecutorial misconduct, ineffective

assistance of counsel, unconstitutional sentencing, his indictment was tainted, improper seizure of his assets, *Bivens* violations, that he is actually innocent of one of the counts, he has not received all his "good time" credits, and that because of his age he should be granted early release. All of these motions and claims were denied by different courts.

In the instant Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, petitioner argues that (1) the First Step Act mandates 54 days of good conduct time to be awarded, which petitioner believes means he should have been released earlier than the BOP release date; and (2) his supervised release term must be reduced from five to three years because no financial institution was affected, the maximum term of supervised release for his wire fraud cannot be more than three years, and his presentence investigation report ("PSR") was tampered with. On April 9, 2019, petitioner was released from prison.

## APPLICABLE LAW

Where, as here, a petitioner seeks to attack the imposition of his sentence rather than its execution, he may only seek a writ of habeas corpus pursuant to § 2241 by demonstrating that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (the "savings clause"); *see also In re Jones*, 226 F.3d 328 (4th Cir. 2000). Relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

In ***United States v. Wheeler***, 886 F.3d 415 (4th Cir. 2018), the Fourth Circuit held that § 2255 is inadequate or ineffective to test the legality of a sentence when all of the following four conditions are met:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

886 F.3d at 429 (citing ***In re Jones***, 226 F.3d at 333–34).

## **DISCUSSION**

Magistrate Judge Mazzone recommends that this Court deny and dismiss petitioner's § 2241 because (1) the First Step Act's provision that permits 54 days of good conduct credit per year does not take effect until approximately June 2019, after petitioner's release; and (2) petitioner cannot satisfy the four-part ***Wheeler*** test. Specifically, Magistrate Judge Mazzone found that petitioner cannot satisfy the first ***Wheeler*** prong because any alleged sentencing errors pertaining to his supervised release term has existed since May 27, 2010. Petitioner objects to this recommendation and states: "To reiterate, the only issue in objection heretofore by Luczak, is he has served a 10-year illegal sentence under the jurisdiction of the BOP, the agency of necessity only,

4

who did not properly execute his sentence, thereby, mandating this court to exercise its authority to hear and decide this case under 28 U.S.C. § 2241." [Doc. 16 at 3].

Along with this "objection," petitioner makes numerous conclusory allegations. Mainly, he claims, without much other information, that his PSR was tampered with, his indictment was "fatally defective," and that two million dollars was stolen from him. For the PSR claims, petitioner does not provide any facts about what was allegedly changed in his PSR or how that alleged change specifically harmed him. He also claims over and over that his indictment was "fatally defective," but does not explain how or why he believes the indictment that he pled guilty to was "fatally defective." He just simply states that he has "proved beyond any reasonable doubt his indictment was fatally defective and decisively there was no crime committed." [Doc. 16 at 2].

Petitioner argues that the Government "absconded with, all illegally" $2,000,000 of his money. He questions why the money was not mentioned at his sentencing hearing and does not appear in any documents until six months after his imprisonment. Petitioner seems to be alluding to corruption or foul play on the part of the Government. However, the $2,000,000 was mentioned in his sentencing hearing. The transcript shows multiple mentions of amounts of loss and discussions determining how much within a range of $2,000,000 to $5,000,000 in which the petitioner was responsible [District of Nevada Case No. 2:08-cr-161, Doc. 108 at 9–10, 19, 23]. So, petitioner's argument that the Government made up this $2,000,000 figure late in the process in order to steal his money is clearly without merit.

After considering all of this, it is still the same that petitioner is not entitled to relief under § 2241 because he cannot satisfy the *Wheeler* test. Even though, petitioner claims

5

his objection refers to the *execution* of the sentence, it is clear he is challenging the *validity* of the sentence. Therefore, **Wheeler** applies here. As Magistrate Judge Mazzone correctly found, petitioner cannot satisfy **Wheeler**. There has been no note of any changes in the law that apply retroactively to the petitioner's case, and therefore the second prong is not satisfied. Even if his supervised release term was not to exceed three years, that hypothetical error has existed since May 27, 2010. Petitioner could have raised this issue on his direct appeal or in a § 2255 motion. Accordingly, this Court is without jurisdiction to consider the § 2241 petition. Because the petitioner provides no evidence other than conclusory statements and because this Court has no § 2241 jurisdiction, petitioner's objection is **OVERRULED**. As petitioner has now been released from prison, this Court wishes him luck and hopes that he can return to a meaningful life and be a valuable member of society.

## CONCLUSION

Upon careful review of the record, it is the opinion of this Court that Magistrate Judge Mazzone's Report and Recommendation **[Doc. 11]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the report. Further, petitioner's Objections **[Doc. 16]** are **OVERRULED**. Accordingly, petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE**. Further, petitioner's Motion for Habeas Corpus Relief and for Interim Conditional Release **[Doc. 2]** and Motion for Expedited Service **[Doc. 3]** are **DENIED AS MOOT**. Finally, petitioner's Motion Pursuant to Rule 15(d) **[Doc. 10]** is hereby **DENIED**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the

respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: May 30, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE